UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

FLINT DIVISION

Case: 2:26-cv-10052
Judge: DeClercq, Susan K.
MJ: Patti, Anthony P.
Filed: 01-07-2026
CMP Walker v. Flint Police Department, et al (tt)

XAVIER JAMAL WALKER

8021 Kensington Blvd

Davison, MI 48423

Plaintiff,

v.

CITY OF FLINT;

FLINT POLICE DEPARTMENT;

SGT. NICK WHITE;

OFFICER ANDREW DEFAUW;

OFFICER JAYLIN TAYLOR;

SGT. TIMOTHY HILLIKER

Defendants.

COMPLAINT

I. PARTIES

Plaintiff Xavier Jamal Walker is an adult resident of Davison, Michigan.

Defendants are employees or entities acting under color of state law.

II. JURISDICTION & VENUE

This action arises under 42 U.S.C. § 1983 and the Fourth Amendment.

Venue is proper in the Eastern District of Michigan because all events occurred in Flint, Michigan.

III. FACTUAL ALLEGATIONS

1. On March 6, 2025, Plaintiff was working at The Odyssey Nightclub, 7039 North Dort Highway, Flint, Michigan.

2. Officers Sgt. Nick White, Officer Andrew Defauw, and Officer Jaylin Taylor entered the workplace asking about an alleged altercation.

3. Plaintiff declined to answer questions and refused to provide identification because he had not committed any crime.

4. Sgt. White stated out loud, after Plaintiff informed him that Michigan does not have a stop-and-ID statute: "I don't care what you think your rights are, I will identify you or you will be arrested for obstruction."

5. Plaintiff was 6'6", 260 lbs, and did not match the suspect description (5'11" skinny Black male).

6. Plaintiff was arrested in front of coworkers, detained in a police vehicle for 30-40 minutes, and issued a citation for "interfering," which was never pursued.

7. Officers publicly searched Plaintiff's person and fanny pack.

8. Officers made derogatory statements about Plaintiff to coworkers, including comments about "sovereign citizens."

9. Plaintiff attempted to file a complaint with the police, but Sgt. Timothy Hilliker refused to accept it after consulting with the involved officers.

10. Plaintiff requested that state police officers, who were present, inform the Flint Police Department that arresting him for refusing to identify himself absent a crime was unlawful. The state police replied, "that's not how this works," and left the scene.

11. Plaintiff possesses body camera footage and cell phone video documenting the incident.

12. Plaintiff suffers ongoing anxiety, distress, and fear of police encounters.

IV. CLAIMS FOR RELIEF

COUNT I – UNLAWFUL DETENTION (FOURTH AMENDMENT)

Authority: U.S. Const. amend. IV; Terry v. Ohio, 392 U.S. 1 (1968); Brown v. Texas, 443 U.S. 47 (1979); United States v. Foster, 376 F.3d 577 (6th Cir. 2004)

Defendants detained Plaintiff for approximately one hour without reasonable suspicion or probable cause.

COUNT II – UNLAWFUL SEARCH (FOURTH AMENDMENT)

Authority: U.S. Const. amend. IV; Knowles v. Iowa, 525 U.S. 113 (1998); Arizona v. Gant, 556 U.S. 332 (2009); United States v. Smith, 549 F.3d 355 (6th Cir. 2008)

Defendants searched Plaintiff and his personal property publicly without consent, warrant, or probable cause.

### COUNT III – FALSE ARREST

Authority: 42 U.S.C. § 1983; Beck v. Ohio, 379 U.S. 89 (1964); Gardenhire v. Schubert, 205 F.3d 303 (6th Cir. 2000)

Defendants arrested Plaintiff solely for refusing to identify, without probable cause.

### COUNT IV – RETALIATION FOR REFUSAL TO IDENTIFY

Authority: Brown v. Texas, 443 U.S. 47 (1979); Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177 (2004); People v. Shabaz, 424 Mich. 42 (1985)

Defendants retaliated against Plaintiff for asserting his rights to remain silent and not identify himself. The state police observation supports that Plaintiff acted reasonably, and Sgt. White's explicit threat demonstrates willful retaliation.

### COUNT V – FAILURE TO INTERVENE

Authority: Bruner v. Dunaway, 684 F.2d 422 (6th Cir. 1982); Turner v. Scott, 119 F.3d 425 (6th Cir. 1997)

Defendants observed unconstitutional conduct and failed to prevent it. The state police officers, who were present, also failed to intervene.

### COUNT VI – SUPERVISORY LIABILITY

Authority: Taylor v. Michigan Dep't of Corrections, 69 F.3d 76 (6th Cir. 1995); Shehee v. Luttrell, 199 F.3d 295 (6th Cir. 1999)

Supervisors knowingly authorized or acquiesced in unconstitutional conduct, including threats and arrest for asserting rights.

### COUNT VII – MUNICIPAL LIABILITY (MONELL)

Authority: Monell v. Dep't of Social Services, 436 U.S. 658 (1978); City of Canton v. Harris, 489 U.S. 378 (1989); Alman v. Reed, 703 F.3d 887 (6th Cir. 2013)

City policies and customs caused the violations and failed to correct officer misconduct.

### COUNT VIII – FAILURE TO TRAIN OR SUPERVISE

Authority: City of Canton v. Harris, 489 U.S. 378 (1989); Plinton v. County of Summit, 540 F.3d 459 (6th Cir. 2008)

City failed to train or supervise officers adequately, showing deliberate indifference.

## V. DAMAGES – SPECIFIC MONETARY DEMANDS

A. Unlawful Detention & False Arrest (Counts I & III): $75,000

B. Unlawful Search (Count II): $50,000

C. Retaliation for Refusal to Identify (Count IV): $50,000

D. Failure to Intervene & Supervisory Liability (Counts V & VI): $25,000

E. Municipal Liability (Monell / Failure to Train) (Counts VII & VIII): Compensatory $50,000; Punitive $100,000

F. Punitive Damages (Individual Defendants):

- Sgt. Nick White: $100,000

- Officer Andrew Defauw: $75,000

- Officer Jaylin Taylor: $75,000

- Sgt. Timothy Hilliker: $50,000

G. Additional Relief: $5,000 for litigation costs plus filing fees, interest, and any other relief the Court deems proper

TOTAL DEMAND: Approx. $655,000

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VII. RELIEF REQUESTED

Plaintiff seeks compensatory and punitive damages, court costs, and any other relief the Court deems just and proper.

Respectfully submitted,

Xavier Jamal Walker

8021 Kensington Blvd

Davison, MI 48423

Phone: 810-210-2098

Email: xjwalker10@gmail.com

Date: 1-7-26

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Genesee

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Xavier Walker

**DEFENDANTS** Flint Police Department Et AL

**(b)** County of Residence of First Listed Plaintiff  Genesee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Genesee

NOTE: Case: 2:26-cv-10052
Judge: DeClercq, Susan K.
MJ: Patti, Anthony P.
Filed: 01-07-2026
CMP Walker v. Flint Police Department, et al (tt)

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity

## III. CITIZENSHIP OF PRINCIPAL PARTIES

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT

(Civil Rights — 440 Other Civil Rights checked)

## V. ORIGIN

[x] 1 Original Proceeding

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing: 42 U.S.C § 1983
Brief description of cause: Violation of 4th Amendment rights

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 655,000
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

DATE: 1-7-26

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes : _____